UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

NED CHARLES MCNULTY, II,

      Plaintiff,

      v.                                             Case No. 21-C-565

COURTNEY A. BROOKS, et al.,

      Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Ned Charles McNulty, II, who is currently residing at the Mendota Mental Health Institute and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Plaintiff paid the civil case filing fee in full on June 3, 2021. This order screens and dismisses his complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well

as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

McNulty is located at the Mendota Mental Health Institute. Dkt. No. 1. Defendant Rosalyn Miu is the owner of "Hills of Love," a residential group home in Milwaukee, Wisconsin. *Id.* at 1. McNulty also names as defendants "DHS Courtney Brooks" and "WCS Dolce Torres." *Id.*

McNulty alleges that Rosalyn Miu violated the terms of his "conditional release" she had agreed upon with the Department of Health and Human Services. *Id*. at 2. McNulty alleges that Miu failed to comply with terms of an agreement she made him sign on or around June 24, 2020. *Id*. McNulty states that he has not yet reviewed the agreement he signed, but Miu "would not let [him] out of her control and domain for the 16 days [he] was at her dysfunctional . . . environment," she did not serve proper meals, she refused to take him to the laundromat as agreed, and she falsely accused him of being A.W.O.L. sometime around July 10, 2020. *Id*. at 2-3.

2

Miu also allegedly lied to the security guard for the transit company. *Id*. at 3. McNulty explains that he couldn't get back to the residential group home one day because a First District police officer and employees of the transit company transferred him to St. Mary's hospital by ambulance. *Id*. The hospital kept him there against his will for about 23 hours. *Id*. A DHS social worker gave a "perjured statement" on or around July 14, 2020. *Id*. Judge Commissioner Dee "let the case proceed to Judge Joseph Wall." Judge Wall denied McNulty's requests to testify in court on five different occasions (July 14, 2020, August 11, 2020, October 1 2020, October 29, 2020, and December 10, 2020), even though he was present in court on all five occasions. *Id*. at 3-4. McNulty alleges his public defenders "did an ineffective . . . legal defense." *Id*. McNulty requested a new judge and new attorney, but he didn't get any relief. *Id*.

For relief, McNulty asks for Miu to be "brought to justice" for violating the terms of the agreement he signed. *Id*. at 5. He states that the Hills of Love residential group home "is not suitable for persons being released into the community." *Id*. He states that the rate charged at the facility ($850.00 per month) is a "substantial" and "exorbitant" rate. *Id*. He explains that, for these rates, he should have some "ownership." *Id*. McNulty also wants money for "damages done to [his] excellent [] name." *Id*.

**THE COURT'S ANALYSIS**

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Court will dismiss this case based on failure to state a claim upon which relief can be granted. First, Section 1983 requires that an alleged constitutional deprivation must have been

committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). This means that the person exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. Miu is a private citizen who owns a residential group home; she is not a "state actor" for purposes of Section 1983. Nor does McNulty allege that Miu acted in concert with state actors to deprive him of his constitutional rights. McNulty fails to state claim upon which relief can be granted against Miu.

Second, Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). McNulty does not allege any facts at all against Brooks and Torres, so he fails to state claim upon which relief can be granted against these individuals.

Finally, the Court cannot identify any potentially viable constitutional claims based on the factual allegations in the complaint. McNulty's complaints of a breach of the terms of his group home agreement, exorbitantly high rates, and/or uninhabitable rental conditions may implicate a violation of Wisconsin state law, but it does not implicate a constitutional violation. Short and involuntary placements in a psychiatric unit in the hospital do not violate the constitution. *See, e.g.*, *Jones v. Sternes*, 124 F. App'x 448, 449 (7th Cir. 2005) (affirming the district court's conclusion that a plaintiff failed to state a claim upon which relief can be granted when he alleged that he was "involuntarily placed in a psychiatric unit and on suicide watch"). McNulty cannot pursue an ineffective assistance of counsel claim through a Section 1983 action. *See, e.g.*, *Scott v.*

*Evers*, No. 20-CV-1839-PP, 2021 WL 872170, at *2 (E.D. Wis. Mar. 9, 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) ("A plaintiff [] arguing that his criminal defense counsel provided ineffective assistance must bring a petition for *habeas corpus* under 28 U.S.C. § 2254, not a civil lawsuit under § 1983.")). And witnesses and judges are absolutely immune from liability under Section 1983 for testimony given and decisions made during court proceedings. *See Polzin v. Gage*, 636 F.3d 834 (7th Cir. 2011); *see also Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (holding that quasi-judicial officers such as court commissioners who "perform duties functionally comparable to those of a judicial officer" are immune from liability); *see also Rehberg v. Paulk*, 566 U.S. 356, 374 (2012) (concluding that witnesses are entitled to absolute immunity because "many prospective witnesses would be hesitant to come forward voluntarily" and "testify fully and frankly" if they were subject to Section 1983 liability).

The Court will dismiss this action because McNulty fails to state a claim upon which relief may be granted. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). McNulty has failed to identify any potentially viable constitutional claim; therefore, the Court finds that further amendment would be futile.

Finally, the Court notes that if McNulty is currently under a civil commitment order that is based on a finding that he is incompetent, he lacks capacity to bring suit, and either his guardian or next friend must sue on his behalf. Fed. R. Civ. P. 17(c). The Court declines to appoint a guardian ad litem since it appears clear McNulty has no federal claim. Of course, McNulty is also free to challenge his commitment in state court.

## CONCLUSION

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim**.**

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 25th day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.